| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NOS. 1:95-CR-19 |
| | § | 1:02-CR-137 |
| | § | 1:03-CR-19 |
| TODD W. ALTSCHUL | § | |

## MEMORANDUM AND ORDER

Defendant Todd W. Altschul ("Altschul") has filed multiple *pro se* motions seeking a reduction of his terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) in his criminal cases.

I.  Section 3582(c)(2)

When a sentencing range has subsequently been lowered, the court may reduce a defendant's sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Benton*, 546 F. App'x 365, 368 (5th Cir. 2013); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The Sentencing Commission policy statement regarding sentencing ranges that have subsequently been lowered reads, in part, as follows:

> (2) EXCLUSIONS—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in [U.S.S.G. § 1B1.10(d)] is applicable to the defendant; or
> >
> > (B) an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). "[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the applicable guideline

range." *United States v. Carreon-Palacio*, 73 F. App'x 67, 68 (5th Cir. 2003) (quoting *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)); *see United States v. Sanchez-Villarreal*, 857 F.3d 714, 720 (5th Cir. 2017). Thus, for an amendment to apply retroactively, it must be listed in U.S.S.G. § 1B1.10(d). Currently the only amendments that apply retroactively are Amendments 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)). U.S.S.G. § 1B1.10(d).

"If a defendant is eligible to bring a § 3582(c)(2) sentence-reduction motion, the district court should then 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Green*, No. 24-30124, 2025 WL 429975, at *1 (5th Cir. Feb. 7, 2025) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "There is no presumption that the district court will resentence the defendant to a "point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older higher Guidelines range." *Id.* (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018)).

  A. <u>Case No. 1:95-cr-19</u>

On March 1, 1995, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment against Altschul, charging him in Count One with depositing for conveyance in the mail a document containing a threat to take the life of, and to inflict bodily harm upon, the President of the United States, in violation of 18 U.S.C. § 871, and in Count Two with causing to be delivered by the Postal Service a written communication, addressed to the Jefferson

County District Attorney, containing a threat to injure the Jefferson County District Attorney, or another person, in violation of 18 U.S.C. § 876. On September 11, 1995, Altschul pleaded guilty to Count One of the Indictment. On December 15, 1995, the court sentenced Altschul to 51 months' imprisonment.

The court previously appointed counsel to represent Altschul in filing a motion for relief based on 18 U.S.C. § 3582(c)(2) (#97), concomitantly denying without prejudice any *pro se* motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Counsel withdrew from representation in this case without filing a motion for reduction, explaining that no non-frivolous motions or arguments can be made in support of a sentence reduction. Altschul now moves to reinstate his previously filed *pro se* motions for reduction under Amendment 821 (#102). The court GRANTS Altschul's motion (#102) to reinstate his previously filed motions (#s 94, 96). Having considered Altschul's *pro se* motions for reduction of sentence based on Amendment 821 (#s 94, 96), the record, and the applicable law, the court is of the opinion that the motions should be denied.

Altschul seeks a reduction in sentence based on the retroactive application of Part A of Amendment 821. At the time the offenses were committed, Altschul was serving state court sentences for theft of property, retaliation, possession of a deadly weapon in a penal institution, and aggravated assault and possession of a deadly weapon. Accordingly, Altschul received a 2-point adjustment for status points pursuant to U.S.S.G. § 4A1.1(d) for a total of 23 criminal history points, which resulted in a Criminal History Category of VI. After retroactively applying Amendment 821, Altschul's criminal history points are reduced to 22 points. His Criminal History Category of VI, however, remains unchanged because 13 or more criminal history points

results in a Criminal History Category of VI. Accordingly, his guideline range is not lowered by the Amendment, and he is not entitled to a reduction of his term of imprisonment. *See* U.S.S.G. § 1B1.10(a)(2)(B). Therefore, Altschul's *pro se* motions for reduction of sentence based on Amendment 821 (#s 94, 96) are DENIED.

    B.    Case No. 1:02-cr-137

On February 5, 2003, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Superseding Indictment against Altschul, charging him with five counts of Mail Fraud, in violation of 18 U.S.C. § 1341. On September 10, 2003, Altschul proceeded to trial, and the jury returned a verdict of guilty as to each of the five counts of the Superseding Indictment. On January 26, 2004, the court sentenced Altschul to 87 months' imprisonment.

The court previously appointed counsel to represent Altschul in filing a motion for relief based on 18 U.S.C. § 3582(c)(2) (#139), concomitantly denying without prejudice any *pro se* motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Counsel withdrew from representation in this case without filing a motion for reduction, explaining that no non-frivolous motions or arguments can be made in support of a sentence reduction. Altschul now moves to reinstate his previously filed *pro se* motion for reduction under Amendment 821 (#145). The court GRANTS Altschul's motion (#145) to reinstate his previously filed motion (#138). Having considered Altschul's *pro se* motion for reduction of sentence based on Amendment 821 (#138), the record, and the applicable law, the court is of the opinion that the motion should be denied.

Altschul seeks a reduction in sentence based on the retroactive application of Part A of Amendment 821. At the time the offenses were committed, Altschul was serving terms of imprisonment for a conviction of Theft Over $750, a conviction of Aggravated Assault - Habitual,

4

and two convictions for Deadly Weapon in a Penal Institution. Accordingly, Altschul received additional status points pursuant to U.S.S.G. § 4A1.1(d) for a total of 25 criminal history points, resulting in a Criminal History Category of VI. After retroactively applying Amendment 821, Altschul's criminal history points are reduced to 24 points. His Criminal History Category of VI, however, remains unchanged because 13 or more criminal history points results in a Criminal History Category of VI. Accordingly, his guideline range is not lowered by the Amendment, and he is not entitled to a reduction of his term of imprisonment. *See* U.S.S.G. § 1B1.10(a)(2)(B). Thus, Altschul's *pro se* motion for reduction of sentence based on Amendment 821 (#138) is DENIED.

C. Case No. 1:03-cr-19

On June 4, 2003, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single-count Superseding Indictment against Altschul, charging him with Assaulting, Resisting, Impeding a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).[1] On September 15, 2003, Altschul proceeded to trial. The jury found Altschul guilty as to the sole count of the Superseding Indictment. On January 26, 2004, the court sentenced Altschul to 120 months' imprisonment.

The court previously appointed counsel to represent Altschul in filing a motion for relief based on 18 U.S.C. § 3582(c)(2) (#89), concomitantly denying without prejudice any *pro se* motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Counsel withdrew from

---

[1] The offense in Case No. 1:03-cr-19 occurred on October 17, 2002, the date Altschul was writted from state custody to attend an initial appearance and arraignment in Case No. 1:02-cr-137. Altschul was awaiting his initial appearance in a holding cell at the United States Marshals Office in Beaumont, Texas. When a United States Marshal Contract Guard opened the holding cell, Altschul physically attacked him.

representation in this case without filing a motion for reduction, explaining that no non-frivolous motions or arguments can be made in support of a sentence reduction. When the court granted counsel's motion to withdraw, it also reinstated Altschul's *pro se* motion for a sentence reduction pursuant to Amendment 821 (#88). Altschul has since filed a supplemental motion to reduce his sentence based on Amendment 821 (#95). Having considered Altschul's *pro se* motions for reduction of sentence based on Amendment 821 (#s 88, 95), the record, and the applicable law, the court is of the opinion that the motions should be denied.

Altschul seeks a reduction in sentence based on the retroactive application of Part A of Amendment 821. At the time the offense was committed, Altschul was serving terms of imprisonment for Theft Over $750, Aggravated Assault - Habitual, and two convictions for Deadly Weapon in a Penal Institution, and accordingly, received additional status points pursuant to U.S.S.G. § 4A1.1(d), resulting in a total of 25 criminal history points. Accordingly, Altschul had a Criminal History Category of VI. After retroactively applying Amendment 821, Altschul's criminal history points are reduced to 24 points. His Criminal History Category of VI, however, remains unchanged because 13 or more criminal history points results in a Criminal History Category of VI. Therefore, his guideline range is not lowered by the Amendment and he is not entitled to a reduction of his term of imprisonment. *See* U.S.S.G. § 1B1.10(a)(2)(B). Altschul's *pro se* motions for reduction of sentence based on Amendment 821 (#s 88, 95) are DENIED.

D.   <u>Section 3553(a) Factors</u>

Moreover, the court finds that even if Altschul did qualify for a reduction, relief is not warranted in light of the § 3553(a) factors. In particular, the court notes his lengthy criminal history, including convictions for Aggravated Assault, Theft Over $750, Deadly Weapon in a

Penal Institution (2x), Aggravated Assault - Habitual, Retaliation, Mailing Threatening Communications,[2] in addition to his three federal convictions in the Beaumont Division of the Eastern District of Texas discussed herein. Furthermore, Altschul has a history of poly-substance abuse.

II.   Prohibition on Further Filings

The records in these three criminal cases document Altschul's history of frivolous and vexatious filings. *See, e.g.*, Case No. 1:03-cr-19, Court Order # 81 ("Altschul is a serial litigant, having filed hundreds of cases, and motions, and having been warned and/or sanctioned in other cases.").

Therefore, the court orders that Altschul is BARRED from filing any additional motions, pleadings, affidavits, documents, exhibits, or new cases that seek a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines.

It is, further, ORDERED that in the event Altschul mails anything to the Court for filing relating to a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines, the papers will not be filed, the court will not consider any such submissions, and they will not be returned to Altschul. Altschul is cautioned that further filings related to Amendment 821 to the United States Sentencing Guidelines may result in the imposition of sanctions.

---

[2] This conviction is from the Northern District of Texas, Case No. 1:93-cr-45.

SIGNED at Beaumont, Texas, this 24th day of March, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE